[No. 10,567.—In Bank.]

## PEOPLE v. WILLIAM HALL.

EVIDENCE—SELF-DEFENSE—ASSAULT TO MURDER—CRIMINAL LAW. — On the trial of an indictment for assault with intent to murder, the defendant introduced evidence tending to show that he acted in self-defense, and was assaulted before he made the assault. *Held*, that it was erroneous to exclude testimony tending to show the extent of defendant's injuries, and the time and place when they were inflicted.

ID.—CRIMINAL PRACTICE—PRESUMPTION—TRIAL BY JURY.—If an objection to a question be sustained, and the witness nevertheless proceeds to answer the question, it will be presumed that the jury disregarded the answer.

APPEAL from a judgment of conviction, and an order denying a new trial, in the Superior Court of the County of Stanislaus. HEWELL, J.

*Johnson & Hazen*, for Appellant.

*A. L. Hart*, Attorney-General, for Respondent.

McKINSTRY, J.:

This was a trial of an indictment for " an assault with intent to kill and murder." The defendant testified that, when in bed for the night, he was assaulted and badly beaten by the prosecutor, by whom he was then dragged from his bed; and while the struggle continued between the two, and in another part of the small room in which the affray occurred, he, the defendant, seized upon a knife, with which he inflicted a wound upon his assailant. The prosecuting witness testified that he was standing near the bed, when defendant sprung from it and struck at him; that the witness returned the blow, and that the fight continued until he received the knife-wound.

Mrs. William Clavey testified that she visited the room where the fight took place immediately after it ceased, and found the defendant there. The following is taken from the recital of proceedings in the bill of exceptions:

" Question by the defense—' Describe fully the condition of his head and face.'

" The prosecution objected to the question. The Court sustained the objection. The witness answered:

" ' His face was cut, bruised, and swollen.'

" The Court said to the witness : ' Do not answer that question.'

" The defense then asked the following question : ' State what the appearance of the defendant's head and face was at that time.'

" The prosecution objected to the question. The Court sustained the objection, and refused to allow the question, to which ruling the defendant then and there duly excepted.

" The witness continued, in substance, as follows:

" ' There was blood on the blanket and pillow and sheet of defendant's bed.'

" The defense asked the following question :

" ' Over what extent was the blood spread around ? '

" The prosecution objected to the question. The Court sustained the objection, and the defendant duly excepted."

Any evidence tending to show the nature of the injuries received by the defendant at the hands of the prosecuting witness was certainly admissible, and would have aided the jury in determining whether the defendant acted only in necessary self-defense. So the extent to which the bed was blooded would corroborate the statement either of the prosecuting witness or of the defendant, as to there having been any beating of the latter before he arose from his recumbent position.

It cannot be claimed that no injury was done to the defendant at the trial, because some of the questions above cited were *answered* by the witness. They were answered in direct disobedience to the order of the Court, which expressly held that the testimony was improper. Under such circumstances, we must suppose that the jury disregarded the testimony.

Judgment and order reversed, and cause remanded for a new trial.

MORRISON, C. J., ROSS, J., SHARPSTEIN, J., and MYRICK, J., concurred.